IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMUNITY HOUSING IMPROVEMENT PROGRAM, RENT STABILIZATION ASSOCIATION OF N.Y.C., INC., CONSTANCE NUGENT-MILLER, MYCAK ASSOCIATES LLC, VERMYCK LLC, M&G MYCAK LLC, CINDY REALTY LLC, DANIELLE REALTY LLC, FOREST REALTY, LLC, <br><br>                    Plaintiffs, <br><br>     v. <br><br> CITY OF NEW YORK, RENT GUIDELINES BOARD, DAVID REISS, CECILIA JOZA, ALEX SCHWARZ, GERMAN TEJEDA, MAY YU, PATTI STONE, J. SCOTT WALSH, LEAH GOODRIDGE, AND SHEILA GARCIA,  IN THEIR OFFICIAL CAPACITIES AS CHAIR AND MEMBERS, RESPECTIVELY, OF THE RENT GUIDELINES BOARD, AND RUTHANNE VISNAUSKAS, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF NEW YORK STATE HOMES AND COMMUNITY RENEWAL, DIVISION OF HOUSING AND COMMUNITY RENEWAL, <br><br>                    Defendants. | Case No. _____ <br><br> **DECLARATION OF JASON MARTIN ON BEHALF OF THE COMMUNITY HOUSING IMPROVEMENT PROGRAM** |

I, Jason Martin, declare based upon personal knowledge that:

1. I am over eighteen years of age and suffer from no disability that would preclude me from giving this declaration.

2. I am the Executive Director for the Community Housing Improvement Program ("CHIP").

3. CHIP is a trade association representing owners and managers of more than 4,000 rent-stabilized apartment buildings in New York City's five boroughs.

4. Each member of CHIP owns or has some interest in real property in New York City.

5. CHIP's central purpose is to support its members in their mission to provide excellent and affordable housing in New York City. As part of its mission, CHIP educates and advocates on behalf of its members at the New York City and State levels on an array of housing policy issues, including rent stabilization. CHIP also has an extensive legal intervention program, through which it files amicus briefs and occasionally brings cases itself, regarding issues of industry wide concern.

6. CHIP's members own property that is subject to New York's Rent Stabilization Laws (the "RSL").

7. CHIP's members are forced to expend resources both to understand how to comply with and to actually comply with the requirements of the RSL. CHIP's members risk enforcement actions if their analyses are incorrect, which can lead to fines and penalties.

8. The rights of CHIP members to use, develop, and enjoy their property is being substantially impaired by the RSL.

9. CHIP's members have suffered a diminution of the value of, and income derivable from, their property as a direct result of the RSL.

10. Several CHIP members have expressed their unwillingness or inability to join this lawsuit as named plaintiffs, or to separately bring suit to challenge the constitutionality of the RSL, for fear of reprisal by the City and State in the form of enhanced regulatory scrutiny or other harassment that may accompany taking a public stance against the RSL.

11. Separate and apart from the burdens that the RSL places on CHIP members, CHIP itself is forced to expend substantial time and association resources as a direct result of the RSL. CHIP provides programming and services to its members specifically to educate them about their rights and responsibilities under the RSL, including the regulatory requirements the RSL imposes on building owners and best practices in complying with those obligations.

12. For example, CHIP provides a "call-in" service, allowing members to phone or email with questions about New York City and New York State legal requirements, and particularly the requirements imposed by the RSL. CHIP incurs significant cost in staffing this hotline, which fields more than fifty inquiries every week.

13. To facilitate its educational and advisory services, CHIP must devote considerable resources to staying current on the RSL's myriad requirements. The 2019 amendments to the RSL (the "2019 Amendments") added substantially to this burden. CHIP's staff expended extensive time reviewing and analyzing the 2019 Amendments, both in proposed and enacted form.

14. In addition to the resources spent in educating itself and its members on the intricacies of RSL compliance, CHIP engages in expensive and time-consuming efforts to educate the public as well as government officials in New York City, and in Albany, on the harmful effects of overzealous rent regulation, and to advocate regarding these matters on behalf of its members. In 2018, as it has in years past, CHIP submitted testimony to the New York City Council's triennial hearing to determine the existence of a housing emergency, as a predicate to the renewal of RSL regulations in the City.

15. In addition, CHIP devoted considerable time and money on behalf of its members to educate the public as well as New York State lawmakers on the consequences of the 2019 Amendments. CHIP's representatives have met with State Senators and Members of the Assembly to discuss the impact and consequences of the 2019 Amendments. CHIP has written op-ed pieces that have been published over the last eight months, its Executive Director has appeared on television, and it has recently established a presence on social media.

16. In support of its education and advocacy agenda, CHIP has commissioned studies and surveys on the impact of the RSL and the 2019 Amendments, consuming CHIP funds and the time of CHIP's staff.

17. The RSL makes it more difficult for CHIP to advance the interests of its members. That is because the substantial time, money and other CHIP resources devoted to addressing issues related to the RSL diverts those resources from other key programs and offerings central to CHIP's mission. For instance, CHIP educates and advises its members on all manner of non-RSL regulations, including those under the purview of the Department of Housing Preservation and Development, Department of Buildings, Department of Health and Mental Hygiene, Department of Sanitation, Department of Finance, Department of Environmental Protection, Fire Department and other State and City agencies. Resources dedicated to RSL-related issues detract substantially from CHIP's ability to support its members in these areas.

18. A court ruling enjoining the RSL or portions thereof as a violation of Due Process, or declaring it to be a taking of private property without just compensation, would eliminate

or reduce the need for CHIP to offer programs and services directed to its members' RSL compliance.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 7/15/19

Jason Martin
Executive Director
Community Housing Improvement Program