

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**RACHEL K. MOSTON**
Phone: 212-356-2190
Fax: 212-356-2019
E-mail: rmoston@law.nyc.gov

September 6, 2019

<u>BY ECF</u>
Honorable Margo K. Brodie
United States Courthouse
Eastern District of New York
225 Cadman Plaza East, Courtroom 6F
Brooklyn, New York 11201

Re:  <u>CHIP, RSA, et al. v. City of New York, et al.</u>, Docket No. 19-cv-04087

Dear Judge Brodie:

I am an attorney in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, counsel for Defendants the City of New York ("City"), David Reiss, Cecelia Joza, Alex Schwarz, German Tejeda, May Yu, Patti Stone, J. Scott Walsh, Leah Goodridge, and Sheila Garcia, in their official capacities as Chair and Members, respectively, of the New York City Rent Guidelines Board (collectively, "City Defendants").  In accordance with Section 3(A) of your Honor's Individual Practices and Rules, City Defendants submit this letter to request a pre-motion conference in anticipation of filing a pre-answer motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

This case stems from plaintiffs' sweeping attacks to the New York State Rent Stabilization Laws ("RSL"), including the most recent 2019 Amendments thereto, and the New York City Council's ("City Council's") 2018 declaration of a housing emergency in the City. Rent stabilization is an important part of the City's residential real estate market and it is neither new nor novel.  Enacted in 1969, the RSL was crafted to ensure affordable housing for millions of New Yorkers and prevent unwarranted increases in rents.  Plaintiffs purport to mount three *facial* constitutional challenges to the RSL scheme – namely, that: (1) the RSL results in a physical taking of private property in violation of the Takings Clause of the Fifth Amendment to the United States Constitution; (2) the RSL effects a regulatory taking of private property in violation of the Takings Clause; and (3) the RSL and the City Council's 2018 declaration of a

housing emergency violate the Fourteenth Amendment's Due Process Clause.  See Plaintiff's Complaint ("Compl."), ¶1 ("The Rent Stabilization Laws are therefore *facially* unconstitutional") (emphasis added).

Plaintiffs' facial challenges to the RSL and to the City Council's 2018 declaration of emergency, fail as a matter of law.  A facial challenge "must establish that *no* set of circumstances exists under which the challenged act would be valid."  RSA v. Dinkins, 5 F.3d 591 595 (2d Cir. 1993) (internal citations omitted); see also, RSA v. Higgins, 83 N.Y.2d 16, 171 (N.Y. 1993) ("[I]n this facial challenge [to a provision of the RSL], appellants bear the heavy burden of overcoming the presumption of constitutionality that attaches to the challenged enactments.").  Plaintiffs fail to sustain that exacting burden.  Rather, as detailed more fully below, plaintiffs' voluminous Complaint sets forth an endless litany of complaints and hypothetical grievances regarding the structure and effect of the overall RSL scheme, as well as the 2019 Amendments, that are more appropriately directed at the New York State legislature, rather than this Court.  Higgins, 83 N.Y.2d at 174 ("[T]he general wisdom or desirability of present rent regulation (the statutes and regulations [of the RSL] combined) to address the State's housing situation … is a question for the legislature.").  Put simply, plaintiffs' allegations, even if accepted as true, do not rise to the level of constitutional violations.

First, plaintiffs fail to plead a plausible permanent physical takings claim under the Fifth Amendment to the U.S. Constitution.  See Compl. ¶¶ 193-272, 376-381 (second claim for relief).  Governmental action that compels a property owner to endure a permanent physical occupation of its property effects an unconstitutional taking *per se*.  Higgins, 83 N.Y.2d at 171 [citing Yee v. City of Escondido, 503 U.S. 519 (1992)].  In the rent stabilization context, where a property owner retains statutory rights under the RSL (including the right to evict tenants and recover possession of property), and where a property owner offers property for rental housing in the first instance, the "governmental regulation of the rental relationship does not constitute a physical taking."  Harmon v. Markus, 412 Fed. Appx. 420 (2d Cir. 2011); see also, Yee, 503 U.S. at 519 (rejecting physical takings challenge to law that required mobile home parks to rent the pad beneath a mobile home at controlled rents because the owners had voluntarily opened their property to occupation by others); Federal Home Loan Mortg. Corp. v. DHCR, 83 F.3d 45, 47 (2d. Cir. 1996) (rejecting physical takings challenge to the RSL where plaintiff had purchased and occupied building and acquiesced in its continued use as rental housing); Higgins, 83 N.Y. at 172 ("That a rent-regulated tenancy might itself be of indefinite duration – as has long been the case under rent control and rent stabilization – does not, without more, render it a permanent physical occupation of property.").  Here, the RSL, and the 2019 Amendments, do not effectuate a physical taking because – as the Court found in Harmon – under the current statutory scheme, property owners retain certain statutory rights, property owners have chosen to engage in the business of renting to tenants, the RSL does not compel an owner to accept a new use of its rent-regulated property, and the RSL does not subject property to a use that the owner "neither planned nor desired."  Federal Home Loan, 83 F.3d at 48.  Thus, plaintiffs' facial permanent physical takings claim fails as a matter of law.

Second, plaintiffs' facial regulatory takings claim fares no better.  See Compl. ¶¶ 273-366, 382-389 (third claim for relief).  A facial regulatory taking occurs where a regulation denies an owner of any economically viable use of the owner's property.  Lingle v. Chevron, 544 U.S. 528 (2005); Greystone Hotel Co v. City of New York, 1999 U.S. App. LEXIS 14960, *4-5

(2d Cir. 1999) (citing Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992) (holding that *per se* regulatory takings occur only "where regulation denies all economically beneficial or productive use of land.")); RSA v. Dinkins, 805 F. Supp. 159 (S.D.N.Y. 1992). Here, plaintiffs do not allege, nor can they, that the RSL has denied *any* property owner, let alone *all* owners of rent stabilized properties, economically viable use of their property. As plaintiffs acknowledge that they collect rents for the rent-stabilized units that they own (Compl., ¶ 273), plaintiffs clearly retain some economically viable use of their property and thus fail to meet the standard for a facial taking. Plaintiffs complain that property owners of rent-stabilized units must accept rents that "are on average 40% lower than market-rate rents, and in some instances 80% lower." Id. Plaintiffs also complain that the RSL has "reduced market value of rent regulated properties, in some cases by over 50%." Id. ¶ 274. But plaintiffs' claims are unavailing and fail to establish a taking as a matter of law. Federal Home Loan, 83 F.3d at 45 (finding that that rent stabilization does not deprive the plaintiff property owner of economically viable use of its property because, although the plaintiff "will not profit as much as it would under a market-based system, it may still rent apartments and collect regulated rents."); see also, Bowles v. Willingham, 321 U.S. 503 (1944) (reduction of value of property as a result of regulation does not constitute taking); RSA v. Dinkins, 805 F. Supp. at 163 (rent control does not constitute regulatory taking simply because it denies owners full market return on property); Higgins, 83 N.Y. 2d at 173 (where owner's right to receive regulated rents is not impaired, regulation expanding the definition of a protected tenant under the RSL does not deprive owners of all economically beneficial uses of property). Accordingly, plaintiff's *per se* regulatory takings claim must be dismissed as a matter of law.

Third, plaintiffs' due process claim similarly fails. Plaintiffs claim that the RSL violates due process because it is "irrational, arbitrary, and demonstrably irrelevant means to address its stated policy ends." Compl, ¶ 28. This claim fails as a matter of law, as Courts have consistently found that rent stabilization laws serve the legitimate and rational government interest of protecting tenants and City residents from the City's housing crisis. See Pennell v. City of San Jose, 485 U.S. at 13; West 95 Housing Corp. v. New York City Dep't of Housing Preserv. & Dev., 2001 U.S. Dist. LEXIS 7784, * 28-29, aff'd, 31 Fed. Appx. 19, 21 (2d Cir. 2002) ("The RSL and EPTA were enacted to combat the ill effects of a perceived housing shortage – clearly a valid governmental concern."); Greystone Hotel, 13 F. Supp. 2d at 528 (S.D.N.Y. 1998), aff'd, 1999 U.S. App. LEXIS 14960 (2d Cir. 1999). Plaintiffs also contend that the City Council's declaration of a housing emergency in 2018 is a violation of substantive due process.[1] Compl. ¶¶ 167-272. But such a claim is unavailing and belied by the legislative record of the City Council's 2018 declaration, which demonstrates the City Council's findings were reasonably and rationally grounded in factual evidence of a City-wide housing emergency, particularly in light of the overall rental vacancy rate as set forth in the 2017 Housing Vacancy Survey (HVS). Finally, plaintiffs' claim that the RSL scheme is ineffective simply does not amount to a due process violation. For the foregoing reasons, City Defendants respectfully request a pre-motion conference to discuss their intent to file a pre-answer motion to dismiss.

---

[1] To the extent that plaintiffs seek to challenge the City Council's triennial declarations of housing emergencies prior to 2018 (e.g., the 2015 declaration), such claims are barred by the applicable three-year statute of limitations for § 1983 claims. See Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. N.Y. 1995) ("[T]he applicable statute of limitations for § 1983 actions in New York is three years[.]").

Respectfully submitted,
 /s/
Rachel K. Moston

Cc:    Reginald R. Goeke, Esq. (via ECF)
        *Counsel for Plaintiffs*

        Michael Berg, Esq. (via ECF)
        Jonathan Conley, Esq.
        *Counsel for Co-Defendant DHCR*