

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

September 6, 2019

Writer's Direct Dial: (212) 416-8108

*By ECF*
The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***Cmty. Hous. Improvement Program v. City of New York, et al.*, No. 19-cv-04087**

Dear Judge Brodie:

      This Office represents Commissioner RuthAnne Visnauskas of the New York State Division of Housing and Community Renewal ("DHCR") in the above-referenced action. Pursuant to Section 3.A. of Your Honor's Individual Practices and Rules, we respectfully request a pre-motion conference in anticipation of a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b). This letter summarizes the anticipated grounds of that motion.

      Plaintiffs bring this action under 42 U.S.C. § 1983 challenging the constitutionality of New York's Rent Stabilization Laws (the "RSL"). The RSL was enacted half a century ago, and applies to nearly one million apartments in New York City. Plaintiffs argue that the RSL violates property owners' right to due process and, on its face, amounts to an uncompensated physical and regulatory taking of private property. Plaintiffs ask this Court to strike down the entire statutory framework as unconstitutional.

      Plaintiffs' claims should be dismissed for four principal reasons.

      *First*, most of Plaintiffs' claims are time-barred. The applicable statute of limitations for Plaintiffs' claims is three years. *See EklecCo NewCo LLC v. Town of Clarkstown*, No. 16-CV-6492 (NSR), 2018 WL 3023159, at *9–10 (S.D.N.Y. Jun. 18, 2018). Facial challenges under the Takings Clause accrue "the moment the challenged regulation or ordinance is passed." *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 736 n.10 (1997). As Plaintiffs acknowledge, the "RSL has applied in New York City continuously for 50 years," Compl. ¶ 6, and Plaintiffs have owned properties subject to—or have represented property owners who have been subject to—the RSL for several decades, *id.* ¶¶ 16–24. Although Plaintiffs take issue with certain amendments made to the RSL in June 2019, the bulk of Plaintiffs' claims target the totality of the rent-stabilization scheme that has been in effect for half a century. *See id.* ¶¶ 70–359. Because

The Honorable Margo K. Brodie                                                                Page 2 of 3
September 6, 2019

those claims accrued well before the three-year limitations period, they should be dismissed.

*Second*, Plaintiffs' physical-takings claim fails as a matter of law because the RSL does not compel property owners to endure a permanent physical occupation. A physical taking "occurs where governmental action compels an owner to endure a 'permanent physical occupation of its property.'" *Fed. Home Loan Mortg. Corp. v. N.Y. State Div. of Hous. & Cmty. Renewal*, 83 F.3d 45, 47 (2d Cir. 1996) (quoting *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982)). Plaintiffs assert that the RSL effects a physical taking by "depriving property owners of their core rights to exclude others from their property and to possess, use, and dispose of their property." Compl. ¶ 10. Plaintiffs are wrong.

As a threshold matter, Plaintiffs acquired their property well after the RSL went into effect, *see id.* ¶¶ 18–24, and thus could not have reasonably expected it would be unencumbered by government regulation, *see, e.g.*, *Palazzolo v. Rhode Island*, 533 U.S. 606, 633 (2001). A property owner who invests in properties subject to a comprehensive regulatory scheme does so knowing that it does not come with the full bundle of traditional property rights, such as the unilateral right to exclude others. *Id.*

Moreover, the Supreme Court has repeatedly affirmed that rent-control statutes do not effect physical takings. *See, e.g.*, *Yee v. City of Escondido*, 503 U.S. 519, 529 (1992) ("th[e] government regulation of the rental relationship does not constitute a physical taking"); *FCC v. Florida Power Corp.*, 480 U.S. 245 (1987) ("statutes regulating the economic relations of landlords and tenants are not *per se* takings"). And as Plaintiffs concede, *see* Compl. ¶15, the Second Circuit has uniformly rejected past constitutional challenges to the RSL, and has expressly held the law does not effect a physical taking. *See, e.g.*, *Harmon v. Markus*, 412 F. App'x 420 (2d Cir. 2011) (summary order); *Fed. Home Loan Mortg. Corp.*, 83 F.3d at 47–48. Plaintiffs' physical-takings claim fails under this controlling precedent.

*Third*, Plaintiffs' regulatory-takings claim fails as a matter of law because the RSL does not deprive Plaintiffs of economically viable use of their property. A regulatory taking occurs when "government regulation of private property 'goes too far' and is 'tantamount to a direct appropriation or ouster.'" *1256 Hertel Ave. Assocs. v. Calloway*, 761 F.3d 252, 263 (2d Cir. 2014) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005)). Plaintiffs allege that the RSL, on its face, effects a regulatory taking. Compl. ¶¶ 1, 6–7, 10. When a takings claim takes the form of a facial challenge, the court's inquiry is limited to "whether the 'mere enactment' of the [challenged law] constitutes a taking." *Hodel v. Va. Surface Min. & Reclamation Ass'n*, 452 U.S. 264, 295 (1981). To prevail on a facial challenge, the plaintiff must establish that the challenged law "deprive[s] the owner of an economically viable use of his property," *Suitum*, 520 U.S. at 736 n.10, and that "no set of circumstances exist under which the [challenged law] would be valid," *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 595 (2d Cir. 1993).

Plaintiffs' claim that the RSL effects a regulatory taking has been squarely rejected by the Second Circuit on numerous occasions. *See, e.g.*, *W. 95 Hous. Corp. v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 31 F. App'x 19, 21 (2d Cir. 2002); *Fed. Home Loan Mortg. Corp.*, 83 F.3d at 48; *Dinkins*, 5 F.3d at 595. This longstanding and unbroken line of precedent is controlling here, and compels dismissal of Plaintiffs' regulatory-takings claim. Plaintiffs' factual allegations and recent changes in state law do not, as Plaintiffs argue, *see* Compl. ¶ 15, distinguish their legal claims

The Honorable Margo K. Brodie  Page 3 of 3
September 6, 2019

from those rejected in prior cases. Nearly every aspect of the RSL challenged in this lawsuit has been in effect for decades, and the reasoning relied on by the Second Circuit in rejecting past attempts to strike down the law—in whole or in part—applies with equal force here. Contrary to Plaintiffs' rhetoric, the 2019 Amendments do not change this analysis. It is well settled that "'[t]hose who do business in the regulated field cannot object if the legislative scheme is buttressed by subsequent amendments to achieve the legislative end.'" *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 645 (1993) (quoting *Fed. Hous. Admin. v. The Darlington, Inc.*, 358 U.S. 84, 91 (1958)).

On its face, the RSL does not compel property owners to open their property to tenants or keep the property open to tenants, but rather imposes conditions on the use of property that owners have voluntarily held out for rental. Nor does the RSL prevent property owners from using their rent-stabilized properties in an economically viable way. *See Fed. Home Loan Mortg. Corp.*, 83 F.3d at 48. And in any event, Plaintiffs have not alleged facts showing that there is "no set of circumstances … under which the [RSL] would be valid." *Dinkins*, 5 F.3d at 595.

For these reasons, Plaintiffs have failed to demonstrate that the RSL constitutes a regulatory taking under governing precedent.

*Fourth*, Plaintiffs' due-process claim fails as a matter of law because the RSL is rationally related to a legitimate state interest. A rent-control regulation is constitutional under the Due Process Clause unless it is "'arbitrary, discriminatory, or demonstrably irrelevant to the policy the legislature is free to adopt.'" *Pennell v. City of San Jose*, 485 U.S.1, 11 (1988) (quoting *In re Permian Basin Area Rate Cases*, 390 U.S. 747, 769–70 (1968)). "Because it burdens no fundamental rights, the [RSL] is a classic example of an economic regulation and is subject only to the minimum scrutiny rational basis test." *In re Chateaugay Corp.*, 53 F.3d 478, 486–87 (2d Cir. 1995) (quoting *Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 83 (1978)). The RSL thus need only be rationally related to a legitimate state interest.

The RSL is plainly supported by a rational legislative purpose. *Id.* The RSL was enacted to address, among other things, "an acute shortage of dwellings" and "to prevent exactions of unjust, unreasonable and oppressive rents and rental agreements ...." N.Y. City Admin. Code § 26-501. These are proper and well-established areas of governmental concern. *See, e.g.*, *Pennell*, 485 U.S. at 11.

In light of the foregoing, we respectfully seek a conference to set a briefing schedule for DHCR's motion to dismiss.

Thank you for your time and attention in this matter.

        Respectfully submitted,

        /s/
        Jonathan D. Conley
        Michael A. Berg
        Assistant Attorneys General

Copies to Counsel of Record (by ECF)