


Towaki Komatsu
802 Fairmount Pl. Apt. 4B
Bronx, NY 10460
Tel: 718-450-6951
E-mail: Towaki_Komatsu@yahoo.com

September 30, 2019

United States District Judge Margo Brodi
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Community Housing Improvement Program v. City of New York,</u>
                No. 19-cv-4087 (MKB)(RML) (E.D.N.Y.)

Dear Judge Brodi,

My name is Towaki Komatsu. 19 days ago, I filed a timely letter in this action pursuant to FRCP Rule 24 to request to be granted the ability to intervene in it as an interested party. However, I have not received a response from this Court as to whether my application has been granted or denied. What follows is a quote that corresponds to one of the terms that exist within Canon 3 that appears within a report that was last revised on 3/12/19, is entitled "Code of Conduct for United States Judges", and is available from the web site of the United States Courts at the following Internet address:

> https://www.uscourts.gov/sites/default/files/code_of_conduct_for_united_states_judges_effe
> ctive_march_12_2019.pdf

**Quote**:

> "A judge should dispose promptly of the business of the court."

The following is another quote from that report:

> "The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances."

It appears perfectly clear that this Court has not complied with its legal duty to promptly dispose of its business in regards to the motion to intervene that I filed in this action on 9/9/19. Additional support for this assertion exists within the following pertinent excerpt from the landmark U.S. Supreme Court decision of <u>Goldberg v. Kelly</u>, 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970) that addressed fundamental due process rights:

- "The opportunity to be heard must be tailored to the capacities and circumstances of those who are to be heard."

- "The fundamental requisite of due process of law is the opportunity to be heard." <u>Grannis v. Ordean</u>, 234 U.S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." <u>Armstrong v. Manzo</u>, 380 U.S. 545, 552 (1965).

<u>Goldberg v. Kelly</u> supports a finding that this Court has not acted in accordance with my constitutional due process rights with respect to the motion to intervene that I filed in this action 21 days ago.

In the event that this Court decides not to grant the letter motion that I filed in this action to enable me to intervene in it pursuant to FRCP Rule 24, I request that this Court alternatively allow me to appear as an amicus curiae in this action. The following is a pertinent excerpt from <u>CITIZENS AGAIST CAS. GAM., ERIE CTY. v. Kempthorne</u>, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) that clearly articulates the legal standards that correspond to determinations made by district courts located in the Second Circuit as to whether to grant or deny applications to appear as an amicus curiae:

> "A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case. <u>United States v. Ahmed</u>, 788 F.Supp. 196, 198 n. 1 (S.D.N.Y.1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). "'The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties." <u>Onondaga Indian Nation v. State of New York</u>, 97-CV-445, 1997 U.S. Dist. LEXIS 9168 at *7 (N.D.N.Y. June 25, 1997) (quoting <u>United States v. El-Gabrowny</u>, 844 F.Supp. 955, 957 n. 1 (S.D.N.Y.1994)).

Judge Posner concisely described the circumstances under which an *amicus* brief is desirable in *Ryan v. Commodity Futures Trading Comm'n:*

An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

125 F.3d 1062, 1063 (7th Cir.1997) (citations omitted).

*Amicus* participation goes beyond its proper role if the submission is used to present wholly new issues not raised by the parties. <u>Onondaga Indian Nation, 1997 U.S. Dist. LEXIS 9168 at *8-9</u> (quoting <u>Concerned Area Residents for the Env't v. Southview Farm, 834 F.Supp. 1410, 1413 (W.D.N.Y.1993)</u>); <u>Wiggins Bros., Inc. v. Department of Energy, 667 F.2d 77, 83 (Em.App.1981)</u> (absent exceptional circumstances, *amicus curiae* cannot implicate issues not presented by the parties). Furthermore, "an *amicus curiae* is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case." <u>NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F.Supp.2d 1061, 1068 (N.D.Cal. 2005)</u> (citing <u>United States v. Michigan, 940 F.2d 143, 163-4 (6th Cir.1991))</u>."

What follows is a key quote that is attributable to United States District Judge Richard Berman and is from a news article that is entitled "'Robbed of Our Day in Court': Accusers Rip 'Coward' Jeffrey Epstein in Court Hearing Tuesday" and was written by a journalist named Kevin McCoy. USA Today published that news article on 8/27/19 in relation to a court hearing that was conducted by Judge Berman on that date in Manhattan in relation to Jeffrey Epstein:

**Quote Attributable to Judge Berman:**

""A few may differ on this, but public hearings are exactly what judges do. Hearings promote transparency and they provide the court with insights and information which the court may not otherwise be aware of," said the judge."

The news article that I just discussed is available on the Internet at the following address:

https://www.usatoday.com/story/news/2019/08/27/jeffrey-epstein-accusers-in-manhattan-courtroon/2123607001/

On a related note, this action clearly is about political speech in relation to New York State's new rent laws. The following is a pertinent excerpt from *Skelos v. Paterson*, 25 Misc. 3d 347, 884 N.Y.S.2d 812 (Sup. Ct. 2009) that incorporates a U.S. Supreme Court decision to confirm that First Amendment rights are irreparably harmed by being deprived of opportunities to engage in political speech even for minimal periods of time:

> "Because the timing of political speech is so important, it is irreparable harm to be deprived of freedom of political speech for even a minimal period of time (*Elrod v Burns*, 427 US 347 [1976]). "

That same conclusion was reached in *Kessler v. City of Charlottesville*, Civil Action No. 3: 17CV00056 (W.D. Va. Aug. 11, 2017) that was case in which the ACLU defended the First Amendment rights of a racist. The following is a pertinent excerpt from that case that also incorporated *Elrod v Burns* for the same purpose:

> ""As to irreparable injury, it is well established that `[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'")
> (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion))."

It is entirely evident that I seek to have this Court to grant me a public hearing in this action in accordance with FRCP Rule 24, *CITIZENS AGAIST CAS. GAM., ERIE CTY. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007), Judge Berman's remark that I presented above, and my First Amendment and Fourteenth Amendment due process rights to engage in political speech in this action largely for the following valid purposes:

- To provide this Court relevant insights that aren't available from the parties and their attorneys.
- To establish that I have unique information and perspectives that can help this Court beyond the help that the lawyers for the parties are able to provide.
- To assert genuine interests that I have that relate to the transactions that are the subject of

this action.

- To establish that I am so situated that without intervention, disposition of this action may, as a practical matter, impair or impede my ability to protect my interests.
- To establish that my interests are not adequately represented by other parties.
- To establish that I have claims that share common questions of law and fact with this action.

In the event that this Court grants me the ability to intervene in this action pursuant to FRCP Rule 24 or appear in it as an amicus curiae, it cannot be credibly claimed that this Court's decision to do so will delay or prejudice the adjudication of the rights of this action's parties.

As I conclude this letter, this Court should be mindful about what was and wasn't discussed during a public hearing that a subcommittee of the U.S. House of Representatives' Judiciary Committee conducted on 9/26/19 about the federal courts in America. The video recording that was recorded of that hearing is available on the Internet at the following address:

https://www.youtube.com/watch?time_continue=5&v=XcnuNtkv6gk

Additional information about that hearing that includes the names of those who testified during it is available on the Internet at the following address:

https://judiciary.house.gov/legislation/hearings/federal-judiciary-21st-century-ensuring-public-s-right-access-courts

The video recording of that public hearing confirms that no ordinary member of the general public testified during that hearing and there is no information that indicates that such ordinary members of the public were invited or otherwise granted an opportunity to testify in that hearing in spite of the fact that a large number of pro se litigants commence litigation in federal courts in the U.S. That video recording also confirms that though discussions were held during that

hearing that concerned **a)** having the public granted access to legal proceedings in federal courts, **b)** having cameras in the courtrooms of federal courts, **c)** having audio recordings recorded of legal proceedings in federal courts, and **d)** sealed legal filings, no discussion about public participation in legal proceedings in federal courts as an intervenor or amicus curiae about matters that befit the public's interest occurred during that hearing. In short, the fact that those who arranged and otherwise conducted that hearing didn't have the presence of mind to have a discussion about that last issue during that hearing shouldn't lead this Court to believe that such public participation is not important because the opposite is true instead. As Donald Trump and Bill de Blasio have confirmed, when the public is complacent about critical matters by not voting and otherwise having their opinions heard, the following occurs:

- Truly awful people get elected and quite possibly by stealing elections.
- Too much money is put and otherwise kept in the wrong hands partly as a result of grandstanding politicians badly neglecting their day job in politics while conducting publicity stunts across the country for months by entering political races in which hindsight confirms they had no realistic opportunity to reach even 2% in voter polls.
- Government officials implement terrible policies at the public's expense.

In the event that this Court needs clarification about anything that I have discussed in this letter, I respectfully request a conference with this Court for that purpose.

Thank you for your time and consideration.

Regards,

Towaki Komatsu