**MAYER | BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
mayerbrown.com

**Andrew J. Pincus**
Partner
T: +1 202 263 3220
apincus@mayerbrown.com

**BY ECF**

October 4, 2019

Honorable Margo K. Brodie
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *CHIP, RSA, et al. v. City of New York, et al.*, Docket No. 19-cv-04087:
        Response to Putative Intervenor Towaki Komatsu

Dear Judge Brodie:

We write on behalf of Plaintiffs in response to the October 1, 2019, letter from putative intervenor Towaki Komatsu (ECF No. 37). Mr. Komatsu seeks to intervene in this action either as of right or by permission of the Court. *See* ECF No. 30 (outlining basis for proposed intervention). To intervene as of right under Federal Rule of Civil Procedure ("Rule") 24(a)(2), "an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Griffin v. Sheeran*, 767 Fed. Appx. 129, 132-33 (2d Cir. 2019). Rule 24(b)(1)(B) provides, in relevant part, that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." *Id*. A district court has discretion to deny a motion to intervene, whether as of right or by permission. *Id*. at 132 (reviewing for abuse of discretion district court denial of motion to intervene).

Here, Mr. Komatsu seeks to participate in this action to address issues that are insufficiently related to the current action to warrant intervention. He cannot demonstrate an interest in this action that is not protected adequately by the parties. In the interest of efficiency and to avoid burdening the Court with unnecessary motion practice, Plaintiffs respectfully request that the Court exercise its discretion to deny Mr. Komatsu's request to participate in this matter without further briefing. *See, e.g., Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, 2014 WL 5315097 (S.D.N.Y. Oct. 17, 2014) (denying letter application by pro se putative intervenor, in part, because he failed to demonstrate that his interests were not adequately represented).[1]

Respectfully submitted,

/s/ *Andrew J. Pincus*

Andrew J. Pincus
*Counsel for Plaintiffs*

---

[1] Plaintiffs have conferred with the other parties and are advised that Defendant Visnauskas concurs with Plaintiffs' position and will file a separate letter opposing intervention. We are further advised that the City Defendants and Intervenors N.Y. Tenants and Neighbors, Community Voices Heard, and Coalition for the Homeless take no position.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).