

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

October 4, 2019

**By ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re:   *Cmty. Hous. Improvement Program v. City of N.Y.*, No. 19 Civ. 4087 (MKB) (RLM)

Dear Judge Brodie:

This Office represents Commissioner RuthAnne Visnauskas of the New York State Division of Housing and Community Renewal, a defendant in the above-referenced action. We write in response to the request of non-party Towaki Komatsu ("Movant") to intervene in this action, as set forth in his letters dated September 11 and 30, 2019. (ECF Nos. 30 & 38.) We concur in the plaintiffs' view that the motion to intervene should be denied. (ECF No. 39.)

Movant has failed to establish any basis for intervention. This action concerns the constitutionality of New York State's rent stabilization laws. As set forth in his letter-motion dated September 11, 2019, Movant seeks to challenge an administrative determination by the New York City Human Resources Administration and judicial orders issued by the New York State courts. (*See* ECF No. 30 at 2, 3, & 5.) Intervention is unwarranted because Movant has failed to establish any nexus between his stated concerns and the subject matter of this action.

"To intervene as of right, an applicant 'must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Harris-Clemons v. Charly Trademarks Ltd.*, 751 F. App'x 83, 84-85 (2d Cir. 2018) (quoting *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996); also citing Fed. R. Civ. P. 24(a)(2)). If the applicant "fails to satisfy any one of the factors, the application for intervention must be denied." *Id.* at 85 (citing *Catanzano*, 103 F.3d at 232 (internal citation omitted)). The same factors are relevant to a motion for permissive intervention, *id.*, which may be granted upon a showing that the applicant has a "claim or defense that shares with the main action a common

Hon. Margo K. Brodie  Page 2 of 2
October 4, 2019

question of law or fact." Fed. R. Civ. P. 24(b)(1).

    Movant has failed to demonstrate that he has an interest in any "property or transaction" at issue, or that his right to assert any claim or defense may be impaired as a result of this action. Indeed, Movant has filed separate actions in federal and state court, which appear to raise the same issues that he seeks to assert here. (*See* ECF No. 30, at 7.) As such, Movant's participation in this action is unnecessary. Moreover, Movant's letters to this Court do not identify any cognizable claim. His purported challenge to prior State Court decisions are both time-barred and beyond the Court's jurisdiction. *See, e.g., Clavin v. Cnty. of Orange*, 620 F. App'x 45, 47 (2d Cir. 2015) (reaffirming that constitutional claims brought in New York under 42 U.S.C. § 1983 are subject to three-year statute of limitations); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (holding that the *Rooker-Feldman* doctrine bars federal court review of prior state court decisions). Thus, intervention would be futile.

    Finally, intervention should be denied because Movant's participation in this action would "unduly delay or prejudice the adjudication of the original parties' rights." *U.S. Sec. & Exch. Comm'n v. Santillo*, 327 F.R.D. 49, 51 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 24(b)(3)). Movant seeks to raise new issues – such as the validity of prior State Court decisions – that are wholly unrelated to the subject matter of this action. In addition, his participation in this action would likely lead to excessive motion practice and time-consuming ancillary litigation. Already, Movant has filed a letter, dated October 1, 2019, concerning his perceived grievances against the U.S. Marshals Service. (*See* ECF No. 37.) Further, in his pending federal action, Judge Schofield held that Movant had "made numerous voluminous and irrelevant filings in this case, many of which exceed 100 pages in length," and prohibited him from making additional irrelevant filings. *Komatsu v. City of New York*, S.D.N.Y. No. 18 Civ. 3698 (LGS) (GWG), Order dated Mar. 1, 2019 (ECF No. 118). Undeterred, Movant has filed letter motions seeking to intervene in three pending federal actions, including this case. Judge Kuntz recently denied Movant's application to intervene in one such case, holding that his claims were "frivolous and do not state any cognizable interest in this action." *Demirayak v. De Blasio*, E.D.N.Y. No. 18 Civ. 4723 (WFK) (RER), Order dated Sept. 20, 2019 (ECF No. 65).[1] The same is true here.

    For the reasons stated herein, Movant's motion to intervene should be denied. We appreciate the Court's continued attention to this matter.

                                                            Respectfully,

                                                             /s/

                                                            Michael A. Berg
                                                            Assistant Attorney General

cc: All Counsel
     Mr. Towaki Komatsu

---

[1] The court has not ruled on Movant's motion to intervene in *Headley v. City of New York*, E.D.N.Y. No. 19 Civ. 4543 (ENV) (RLM).