UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

COMMUNITY HOUSING IMPROVEMENT
PROGRAM, RENT STABILIZATION
ASSOCIATION OF N.Y.C, INC., CONSTANCE
NUGENT-MILLER, MYCAK ASSOCIATES LLC,
VERMYCK LLC, M&G MYCAK LLC, CINDY
REALTY LLC, DANIELLE REALTY LLC, and
FOREST REALTY LLC,

                         Plaintiffs,

                    v.

CITY OF NEW YORK, RENT GUIDELINES
BOARD, DAVID REISS, CECILIA JOZA, ALEX
SCHWARZ, GERMAN TEJEDA, MAY YU,
PATTI STONE, J. SCOTT WALSH, LEAH
GOODRIDGE, SHEILA GARCIA, and
RUTHANNE VISNAUSKAS,

                         Defendants.

-------------------------------------------------------------

NOT FOR PUBLICATION

**ORDER**

19-CV-4087 (MKB)

MARGO K. BRODIE, United States District Judge:

      Movant Towaki Komatsu (the "Movant"), proceeding *pro se*, moves to intervene in this

action pursuant to Rules 24(a)(2) and 24(b) of the Federal Rules of Civil Procedure.[1]  (Mot. to

Intervene ("Mot."), Docket Entry No. 30.)  For the reasons discussed below, the Court denies the

motion.

    **I.**    **Background**

      Movant alleges that the New York City Human Resources Administration has

"repeatedly" deprived him without due process "of possession of apartments" for which he has

---

[1]  By letters dated October 4, 2019, Plaintiffs and Defendant RuthAnne Visnauskas
opposed the motion.  (Pls. Letter in Opp'n to Mot. to Intervene, Docket Entry No. 39; Def.
Visnauskas Letter in Opp'n to Mot. to Intervene, Docket Entry No. 40.)

"fully-enforceable apartment lease agreements." (Mot. 2.) Movant appears to challenge a decision by a Queens County Housing Court judge that he alleges "illegally caused [him] to be deprived of possession of [his] apartment in Queens." (*Id.* at 5.)

## II.   Discussion

### a.   Standard of review

Rule 24(a) of the Federal Rules of Civil Procedure allows intervention as of right under certain circumstances. It provides in pertinent part that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010). To establish intervention as of right pursuant to Rule 24(a)(2), an intervenor must show that "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *XL Specialties Ins. Co. v. Lakian*, 632 F. App'x 667, 669 (2d Cir. 2015) (quoting *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006)); *see also Harris-Clemons v. Charly Trademarks Ltd.*, 751 F. App'x 83, 84–85 (2d Cir. 2018).

Rule 24(b) of the Federal Rules of Civil Procedure allows a court to exercise its discretion and permit intervention under certain circumstances. It provides in pertinent part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense

that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B);

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 103 n.7 (2d Cir.

2013). In exercising its discretion, the court must consider "whether the intervention will unduly

delay or prejudice the adjudication of the rights of the original parties, . . . the nature and extent

of the intervenors' interests, the degree to which those interests are adequately represented by

other parties, and whether parties seeking intervention will significantly contribute to full

development of the underlying factual issues in the suit and to the just and equitable adjudication

of the legal questions presented." *Citizens Against Casino Gambling in Erie Cty. v. Hogen*, 417

F. App'x 49, 50 (2d Cir. 2011) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,

797 F.2d 85, 89 (2d Cir. 1986)). Permissive intervention is wholly within the court's discretion.

*See St. John's Univ., N.Y. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011) ("A district court has

broad discretion under Rule 24(b) to determine whether to permit intervention . . . .").

### b. Movant has no basis to intervene in this action

Movant claims he has a right to intervene because he has "repeatedly been deprived of

possession of apartments for which [he has] signed fully-enforceable apartment lease agreements

under the color of law without having been granted due process of law." (Mot. 2.) Movant

argues that:

> [a]fter Judge Nembhard issued an illegal decision in October of 2015 in a
> housing court case in which I was a party that illegally caused me to be
> deprived of possession of my apartment in Queens shortly thereafter,
> Judge Nembhard was a member of a commission that was established by
> New York State Chief Judge Janet DeFiore that was assigned the
> responsibility to develop recommendations about how to reform New
> York City's housing courts.

(*Id*. at 5).  Movant also alleges that "members of the Mayor's NYPD security detail and his staff [have] illegally prevented [Movant] from attending public forums comprised of public town hall meetings, public resource fair meetings, and public hearings."  (*Id*. at 6–7.)

Movant does not meet the requirements for intervention as of right under Rule 24(a) because he fails to show that he has a legally cognizable interest in the subject matter of the pending action.  The above captioned action challenges the constitutionality of the New York Rent Stabilization Laws, N.Y.C. Admin. Code § 26-501, N.Y. Unconsol. Law §§ 8621 *et seq.*, and 9 NYCRR §§ 2520 *et seq.* (the "RSL").  Movant alleges he was deprived of his property as a result of the decision of a Queens County Housing Court judge, (Mot. 5), not the RSL, and the motion does not reveal any connection between Movant's claims and the allegations in this case. In addition, Movant has not shown that without intervention, disposition of the action may impair his ability to protect his interest.  Moreover, Movant can raise his grievances in a separate action.  *See Jackson v. Waterbury Police Dep't*, No. 11-CV-642, 2015 WL 5251533, at *9 (D. Conn. Sept. 8, 2015) (denying motion to intervene because the "case [would] not affect [the movant's] ability to protect his interest . . . [as he] remain[ed] free to bring a separate action . . . and [was] not bound by what happen[ed] in th[e] case"); *Padro v. Astrue*, No. 11-CV-1788, 2013 WL 1192824, at *4 (E.D.N.Y. Feb. 7, 2013) (explaining that a movant cannot "establish that disposition of the action might as a practical matter impair their interest . . . where the proposed intervenors remain free to file a separate action" (alteration, citation, and internal quotation marks omitted)).

In addition, because the motion does not present any common question of law or fact with the above-captioned action, the Court declines to exercise its discretion to permit intervention under Rule 24(b).

**III.    Conclusion**

For the foregoing reasons, the Court denies the motion to intervene.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

Dated:	October 8, 2019
	Brooklyn, New York


                                        SO ORDERED:


                                        _____s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge