UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COMMUNITY HOUSING IMPROVEMENT
PROGRAM, RENT STABILIZATION
ASSOCIATION OF N.Y.C, INC., CONSTANCE
NUGENT-MILLER, MYCAK ASSOCIATES LLC,
VERMYCK LLC, M&G MYCAK LLC, CINDY
REALTY LLC, DANIELLE REALTY LLC, and
FOREST REALTY, LLC,

                       Plaintiffs,

                v.

CITY OF NEW YORK, RENT GUIDELINES
BOARD, DAVID REISS, CECILIA JOZA, ALEX
SCHWARZ, GERMAN TEJEDA, MAY YU,
PATTI STONE, J. SCOTT WALSH, LEAH
GOODRIDGE, SHEILA GARCIA, and
RUTHANNE VISNAUSKAS,

                       Defendants.

NOT FOR PUBLICATION

**ORDER**
19-CV-4087 (MKB)

---

MARGO K. BRODIE, United States District Judge:

By letter dated October 10, 2019, Towaki Komatsu ("Komatsu"), proceeding *pro se*, requested that the Court reconsider its decision denying his motion to intervene "or to appear as an amicus curiae in the alternative." (Mot. for Reconsideration ("Mot."), Docket Entry No. 44.) For the reasons set forth below, the Court denies Komatsu's motion.[1]

**I. Background**

On September 11, 2019, Komatsu moved to intervene in this action, which challenges the constitutionality of the New York Rent Stabilization Laws, N.Y.C. Admin. Code § 26-501, N.Y.

---

[1] In addition, the Court denies Komatsu's request that the Court "correct a substantial misstatement of material fact in the decision dated 10/8/19." (Mot. to Correct, Docket Entry No. 45.)

Unconsol. Law § 8621 *et seq.*, and 9 NYCRR § 2520 *et seq.* (the "RSL"). (Mot. to Intervene, Docket Entry No. 30.) By Order dated October 8, 2019 (the "October 8, 2019 Decision"), the Court denied Komatsu's motion because he did not meet the standard for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure and declined to exercise its discretion to permit Komatsu to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. (Oct. 8, 2019 Decision, Docket Entry No. 41.)

**II. Discussion**

The standard for granting a motion for reconsideration is strict and "[r]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochem., Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 628 F. App'x 793, 796 (2d Cir. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Oparah v. N.Y.C. Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) ("The standard for granting a motion to reconsider 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" (quoting *Shrader*, 70 F.3d at 257)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75–76 (2d Cir. 2016) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made."

*Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016). In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before the [c]ourt on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citations and internal quotation marks omitted).

The Court denies Komatsu's motion for reconsideration because he has not "point[ed] to controlling decisions or data that the [C]ourt overlooked." *Cedar Petrochem., Inc.*, 628 F. App'x at 796 (quoting *Shrader*, 70 F.3d at 257). Komatsu argues that the Court "overlooked" that he "clearly expressed that the new New York rent laws were unconstitutional." (Mot. 1.) Even if the Court had overlooked this allegation, which it did not, this would not alter the Court's conclusion that Komatsu fails to meet the requirements for intervention as of right or the Court's decision to decline to exercise its discretion to permit intervention. *See Cedar Petrochem., Inc.*, 628 F. App'x at 796 (explaining that reconsideration will "generally be denied" unless the moving party points to matters "that might reasonably be expected to alter the conclusion reached by the court"). Accordingly, the Court denies Komatsu's motion for reconsideration.

## III. Conclusion

For the foregoing reasons, the Court denies Komatsu's motion for reconsideration.

Dated: October 23, 2019
      Brooklyn, New York

                            SO ORDERED:

                                  s/ MKB
                              MARGO K. BRODIE
                              United States District Judge