**MAYER | BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

**BY ECF**

November 26, 2019

**Andrew J. Pincus**
Partner
T: +1 202 263 3220
apincus@mayerbrown.com

Honorable Margo K. Brodie
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *CHIP, et al. v. City of New York, et al.*, No. 19-cv-4087

Dear Judge Brodie:

We write on behalf of Plaintiffs in the above-referenced action (the "CHIP Action") regarding a new suit recently assigned to Your Honor as "related" to the CHIP Action, captioned *74 Pinehurst LLC v. State of New York, et al.*, 19-cv-6447 ("*74 Pinehurst*").  Despite superficial similarities, *74 Pinehurst* involves parties, claims, theories, and categories of requested relief that are not at issue in the CHIP Action.

For those reasons, if any party in *74 Pinehurst* seeks to consolidate or coordinate the actions, Plaintiffs will oppose such efforts.  We respectfully submit that *74 Pinehurst* should proceed independently of the CHIP Action and in no way impact the parties' briefing of Defendants' and Intervenors' motions to dismiss in the CHIP Action, which is well underway.

Plaintiffs in the CHIP Action—two of New York's largest real estate trade organizations comprised of thousands of owners and managers of apartment buildings throughout the City of New York and several of their individual members—commenced the lawsuit on July 15, 2019, facially challenging New York's Rent Stabilization Laws (the "RSL").  Plaintiffs challenge the RSL in its entirety, not just legislative amendments to the RSL enacted in 2019 (the "2019 Amendments"), as violative of the Due Process and Takings Clauses of the United States Constitution.  *See* Compl., ECF 1, at ¶¶ 1, 3.  Specifically, Plaintiffs allege that the entire RSL constitutes arbitrary and irrational government action and effects a physical and regulatory taking of private property.  *Id*.  The CHIP Action names the City of New York, the Rent Guidelines Board and its chair and members (in their official capacities), and Ruthanne Visnauskas (in her official capacity as commissioner of New York State Division of Housing and Community Renewal).  *Id*. at ¶¶ 25-29.  Plaintiffs exclusively seek declaratory and injunctive relief.  *Id*. at pp. 119-120.

*74 Pinehurst*, on the other hand, was filed on November 14, 2019 on behalf of three related individuals and four building-owning entities.  *See* 19-cv-6447, ECF 1 (the "*74 Pinehurst* Compl."), at ¶¶ 12-17.  Unlike the CHIP Action, *74 Pinehurst* limits its challenge to the 2019 Amendments and names as a defendant the State of New York.  *74 Pinehurst* Compl. at ¶¶ 3, 18.  Unlike the CHIP Action, *74 Pinehurst* (i) asserts fact-intensive "as applied" claims that are specific to the plaintiffs in *74 Pinehurst* (*id*. at ¶ 3), (ii) asserts claims under the Contracts Clause (*id*. at ¶¶ 247-62), and (iii) seeks money damages for the alleged constitutional violations (*id*. at p. 96).

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Honorable Margo K. Brodie
November 26, 2019
Page 2

      Given the fundamental differences between the two cases, Plaintiffs submit that any consolidation is more likely to result in delay, confusion, and prejudice than efficiency and cost saving. Plaintiffs' position is that the two cases should remain separate for all purposes. In the event that the Court considers consolidation, Plaintiffs would request the opportunity to be heard.

      Respectfully submitted,

      /s/  Andrew J. Pincus

      Andrew J. Pincus
      *Counsel for Plaintiffs*

cc:    Counsel of record (via ECF)

      Jonathan M. Sperling, Esq. (via email)
      Covington & Burling LLP
      jsperling@cov.com
      *Counsel for Plaintiffs in 74 Pinehurst*