**MAYER | BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

**BY ECF**

December 27, 2019

**Andrew J. Pincus**
Partner
T: +1 202 263 3220
apincus@mayerbrown.com

Honorable Margo K. Brodie
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *CHIP, RSA, et al. v. City of New York, et al.*, No. 19-cv-4087

Dear Judge Brodie:

We write on behalf of Plaintiffs in the above-referenced action (the "Action") in response to the request of Defendant Ruthanne Visnauskas ("Visnauskas") for three additional weeks in which to submit a reply in support of her motion to dismiss (ECF 71, the "Extension Request"). As demonstrated in prior requests (*e.g.*, ECF 48, 49), Plaintiffs have been, and remain, committed to working cooperatively with all parties on scheduling and logistics both out of professional courtesy and to avoid burdening the Court unnecessarily. However, the Visnauskas Extension Request exceeds the bounds of reasonableness.

First, Visnauskas failed to meaningfully engage in any meet and confer before submitting the Extension Request, as mandated by Your Honor's Individual Practices and Rules. *See* Rule 1(F). Counsel for Visnauskas first emailed Plaintiffs at 12:41 PM EST on December 27 seeking consent to the Extension Request. Counsel then emailed again at 1:24 PM EST with an additional request, this time seeking consent to an enlargement of the Court's page limitation on reply briefs. Without awaiting a response, Visnauskas filed the Extension Request at 3:38 PM EST, stating that "I have not received a response from Plaintiffs or *amici curiae*." Providing less than three hours' notice for opposing counsel to consider and respond to a request of this nature (and the stated reasons for that request) hardly reflects a good faith effort to confer, and the Extension Request could be denied for this reason alone.

Second, the length of the requested extension is neither necessary nor reasonable. The current briefing schedule, as negotiated by the parties, provided Plaintiffs with six weeks to respond to 90 pages of collective briefing from Visnauskas, the City Defendants, and Intervenors. In compliance with that schedule, Plaintiffs served their opposition brief on December 13. The existing schedule provides all Defendants and Intervenors with five weeks from receipt of Plaintiffs' opposition—or until January 17, 2020—to prepare and submit a reply. Visnauskas now seeks an additional three weeks, eclipsing the time that Plaintiffs had to respond to Defendants' motions in the first place.

Visnauskas points to "two significant developments" necessitating the requested extension. She first argues that she "will need additional time to review, analyze, and respond to the additional arguments, authorities, and economic studies cited" in two *amicus* briefs submitted in opposition to her motion to dismiss. But the *amicus* briefs were filed on December 20. Visnauskas will have had these briefs for four weeks (and Plaintiffs' opposition brief for five) by

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Honorable Margo K. Brodie
December 27, 2019
Page 2

the time her reply is due on January 17. This is certainly ample time to prepare a 15-page reply brief.

Visnauskas next contends that "the real estate industry has thus far filed two additional actions challenging the constitutionality of the Rent Stabilization Laws" and that the Attorney General's office will be busy with those other actions. The two cases referenced by Visnauskas were filed after briefing in this Action had already begun. Defendants can and are negotiating briefing schedules in those other cases with the briefing schedule in this case in mind. In fact, the parties to *74 Pinehurst LLC v. State of N.Y.*, No. 19 Civ. 6447 (E.D.N.Y.) (MKB) actually proposed an accelerated briefing schedule with the specific purpose of trying to align with this Action. *See 74 Pinehurst*, ECF 23. Visnauskas cannot now argue that she needs more time in this Action to accommodate her own negotiated schedule in another.

As noted, Plaintiffs wish to be courteous and cooperative with respect to any reasonable scheduling request. In that spirit, Plaintiffs would consent to a 10-day extension of Visnauskas's reply deadline here, to January 27, 2020. This would account for the *amicus* briefs filed a week after Plaintiffs' opposition (and still afford Visnauskas more time to prepare a reply than Plaintiffs were given to serve opposition papers). In addition, Plaintiffs consent to Visnauskas's request for leave to file a 20-page brief.

Respectfully submitted,

/s/ *Andrew J. Pincus*

Andrew J. Pincus
*Counsel for Plaintiffs*

cc: Counsel of record (via ECF)